NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL MONGES LOPEZ; MARISOL PORTILLO RODRIGUEZ; B. A. M. P.; S. M. P., | No. 25-153 |
| Petitioners, | Agency Nos. A203-680-824 A203-680-825 A203-680-833 A203-680-834 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2025**
San Francisco, California

Before: BUMATAY, JOHNSTONE, and DE ALBA, Circuit Judges.

Petitioner Miguel Monges Lopez ("Monges"), a native and citizen of

Mexico, seeks review of the Board of Immigration Appeals' ("BIA") decision

affirming an Immigration Judge's ("IJ") denial of his application for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Monges' claims for relief are based on his fear of cartel violence. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Khudaverdyan v. Holder*, 778 F.3d 1101, 1105 (9th Cir. 2015) (citation omitted). We review factual findings under the highly deferential substantial evidence standard and review legal questions de novo. *Id.*

1. Substantial evidence supports the BIA's determination that Monges is not eligible for asylum and withholding of removal. "For both asylum and withholding claims, a petitioner must prove a causal nexus between one of [his] statutorily protected characteristics and either [his] past harm or [his] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (first citing *Garcia v. Wilkinson*, 988 F.3d 1136, 1143 (9th Cir. 2021); and then citing *Flores-Vega v. Barr*, 932 F.3d 878, 886–87 (9th Cir. 2019)). An asylum applicant must demonstrate that a protected ground was or will be "at least one central reason" for his persecution. 8 U.S.C. § 1158(b)(1)(B)(i). A withholding of removal applicant must prove only that a cognizable protected ground is "a reason" for past or future persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

---

[1] Monges' wife and two minor children are derivative asylum applicants.

Monges failed to prove a nexus between his past harm suffered or feared

future harm and a protected ground, as the record supports the IJ's finding that his

assailants were motivated by general criminal goals of extortion and recruitment.[2]

His assailants initially attacked him because they thought he was a member of a

rival gang. Once the attackers knew they had mistaken Monges for someone else,

they tried to recruit him to work for them. When Monges refused, the men beat

and waterboarded him. Another time, cartel members threatened Monges if he did

not join. Both times, the men desisted after Monges feigned openness or

willingness to join. The record supports the finding that Monges' assailants were

motivated solely by their general criminal purposes and not one of his claimed

protected grounds. *See Rodriguez-Zuniga*, 69 F.4th at 1017 ("[M]ost people who

resist criminal activity directed towards them do so for obvious non-political self-

interested reasons—they don't want to be the victim of a crime."); *Zetino v.*

*Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (A petitioner's "desire to be free from

harassment by criminals motivated by theft or random violence by gang members

---

[2] Monges argues that he faces persecution because of his anti-cartel political opinion and his membership in particular social groups. His claimed social groups are: (1) Mexican nationals who are not cartel members, (2) residents of Guerrero (a Mexican state) who refuse to join the cartels, (3) Mexican nationals who oppose cartel rule by refusing to comply with their demands and fund their nefarious activities by paying quotas, and (4) Mexican nationals who oppose cartels by reporting activities to the government.

bears no nexus to a protected ground.").[3]  Because there is substantial evidence to support the BIA's determination that Monges did not establish a nexus to a protected ground, his asylum and withholding of removal claims fail.  *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) (recognizing that a "lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum and withholding of removal claims." (citation omitted)).

2.  To qualify for CAT relief, Monges must show it is "more likely than not" that he will be tortured upon removal to Mexico.  8 C.F.R § 1208.16(c)(2).  To constitute torture, severe harm must be conducted by, at the instigation of, or with the consent or acquiescence of, a public official.  8 C.F.R. § 1208.18(a)(1).  "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity.  Such awareness requires a finding of either actual knowledge or willful blindness."  8 C.F.R. § 1208.18(a)(7); *see Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).

---

[3] Because the nexus requirement is dispositive of both the asylum and withholding of removal claims, we need not address Monges' remaining asylum and withholding of removal arguments.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").  Moreover, given Monges' failure to establish a nexus, the BIA did not err in refusing to address the IJ's other findings related to these claims.

Substantial evidence supports the BIA's conclusion that Monges failed to establish that he will be tortured with the consent or acquiescence of the Mexican government. While Monges reported the kidnapping to a municipal government worker, Monges did not provide the government employee information necessary to investigate the crime. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). Monges' "generalized evidence of violence and crime in Mexico is not particular to [him] and is insufficient" to establish a likelihood of torture with government consent or acquiescence." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Because Monges failed to meet his burden to establish a likelihood of torture with government consent or acquiescence, we deny the petition as to this claim. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014) (upholding a CAT denial where the petitioner failed to establish the state action necessary for CAT relief).

**PETITION DENIED.**[4]

---

[4] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal (Dkt. Nos. 2 and 3) is otherwise denied.